We have four argued cases this morning, but before we go to the arguments, we have the pleasure of some admissions of our law courts to the Bar of this Court, and I think Judge O'Malley has a motion. Yes, I have the privilege of doing the first motion today, and I move the admission of Demayo Cheyenne Gosch, who goes by Cheyenne. He's a member of the Bar and is in good standing with the highest courts of California and New York, and I have knowledge of his credentials, and I'm satisfied that he possesses the necessary qualifications. And I have more than just knowledge of his credentials because he has been working with me throughout the course of this year. Cheyenne is much older than he looks, but he was a child prodigy, which is why his resume is as full and developed as it really is. He worked for about nine years or eight years as a programmer at Microsoft before even going to law school. He went to NYU. After law school, he clerked for Judge Grewal, and he was a judge on the Court in the Northern District of Ohio, and then Judge—not Ohio, that's me—Northern District of California, and then Judge Dabia also for the Northern District of California, and then worked for a few years as an associate at a law firm before coming to the Court. So he's had a lot of experience, and now he's had experience with us, and he's been a pleasure to have around and has really added a lot to Chambers. So I move his admission with pleasure. Your motion is granted, Judge O'Malley. Mr. Gosch, welcome to the Board of this Court. Here is my hand. Do you solemnly swear that you will comport yourself as an attorney and counselor of this Court, uprightly and according to law, and that you will support the Constitution of the United States of America? Thank you. Welcome to the Board. Okay, and I now have three motions. The first of these is I move the admission of my law clerk, Abigail Colella, who is a member of the Bar and is in good standing with the highest court of the state of New York. I have knowledge of her credentials and am satisfied that she possesses the necessary qualifications. Second, I move the admission of Laura Dalbaugh, who is a member of the Bar and is in good standing with the highest court of the state of Tennessee. I have knowledge of her credentials and am satisfied that she possesses the necessary qualifications. And then finally, I move the admission of James Anglin Flynn, who is a member of the Bar and is in good standing with the highest courts of New York and the District of Columbia. I have knowledge of his credentials and am satisfied that he possesses the necessary qualifications. Now, that's the formal minimum necessary to get admitted to a Bar. However, in the case of each of you, you've far surpassed the minimum. You've been an enormous help to me this year and you have qualifications that pretend that you're going to do exceptionally well in your future. This year, two of you are going on to clerk on the D.C. Circuit and Abby is going to join the firm. You're all wonderful law clerks. It's been a great pleasure to have you this year. So, with that said, you can now take the oath. Raise your right hand. You solemnly swear that you will report yourself as an attorney and counselor to this court, upright and according to law, and that you will support the Constitution of the United States of America. Congratulations. Welcome to the court. Okay, our first case this morning is number 171686, Anuga v. O'Rourke and Ms. Stitler. Is that how you pronounce it? Stitler. Pardon me? Stitler. I'm sorry, I didn't hear what you said. Stitler. Stitler. Okay. May it please the Court. This appeal involves a single legal question. Did the Veterans Court use the correct test when it applied law of the case doctrine to avoid considering Ms. Anuga's arguments? The answer to that question is no. Under Section 7261 and, indeed, the government's own description of the law of the case doctrine in its brief, the Veterans Court cannot apply law of the case doctrine to avoid considering a new argument by a veteran. That's not the test the Veterans Court applied here. The Court never considered whether Ms. Anuga raised— Why can't the Veterans Court use the law of the case doctrine? Section 7261 clearly lays out jurisdiction for the Veterans Court. It says the Veterans Court shall set aside factual findings that are clearly erroneous. And then Section 7261 also includes a number of express exceptions to that statutory mandate. There's an exception. The Veterans Court does not need to consider findings that are not material. The Veterans Court does not need to consider findings that are not necessary to the Veterans Court decision and that are not presented by the veteran. But the statute does not include a law of the case exception. Did the Veterans Court—I know it mouthed the words law of the case, but did it really apply law of the case and say it couldn't go back and reconsider it, or did it say we're just not going to rethink something we already did? The Veterans Court said that it was applying law of the case to avoid consideration of an issue that had been previously adjudicated. It never considered whether those arguments were the same. And if it had, the arguments were different. And so the analysis that the Veterans Court applied in its first appeal is inapplicable to the arguments the Veterans Court made— that Ms. Anuga made in her second appeal. And so even if the Veterans Court had, as you suggest, applied law of the case, sort of mouthed the words law of the case in order to bring in its analysis from earlier, that analysis would be inapplicable to the arguments the Veterans Court made. And under the express statutory language of Section 7261, that's not permitted because the Veterans Court needs to consider all of the factual challenges by the veteran. So there's never finality with respect to any conclusion that the Veterans Court reaches on a particular claim? Excuse me? So there's never going to be finality on a decision that the Veterans Court reaches with respect to a particular claim? No. Of course, if the Veterans Court reaches its final decision, there will be finality. But also, the statute includes these escape valves. For example, the materiality escape valve can be used to avoid considering the same argument. Or alternatively, the Veterans Court could incorporate its analysis from earlier and avoid applying the same analysis. Well, isn't that what law of the case is? It's we've already decided this, and we're not going to reconsider it. That's just reincorporating its analysis from earlier. That's true, but it only applies if the argument is the same. Well, it seems I'm a little confused by what you're saying about the argument the same because it seems to me you have a legal issue that they can't use law of the case at all based upon your reading of 7261. But then you're going on, and it seems to me you're suggesting they use law of the case incorrectly. Is that a different argument? I think they're related arguments. The first is that they can't use law of the case at all. And the second is law of the case, as applied to the particular facts here, was done improperly. The second would be that they applied the wrong standard for law of the case. What wrong standard did they apply? They only considered whether Ms. Onwa's arguments pertained to the same issue. It never actually considered whether Ms. Onwa was making new arguments. What was really new about the argument? In the first appeal, Ms. Onwa challenged the adequacy of the 2011 VA examination. And they concluded that it was inadequate. And her specific arguments related to that examination were that, among other arguments, there was no evidence of disability. In her second appeal, she challenged the same examination and the adequacy of that same examination. But she raised a new argument. She challenged a different statement of the examiner in that argument, specifically whether the examiner's statement that there was no evidence of service connection was correct. And so those are two separate arguments. And the Veterans Court never considered that second argument. And under Section 7261, and also the government's conception of law of the case, its description of law of the case in its own brief, law of the case can only be applied to arguments that have been previously raised, not on this issue-by-issue basis. And I can sense that there's a little bit of confusion, maybe, when I say this is the government's test for law of the case and it's different versus whether law of the case should be allowed at all. And here, law of the case is not appropriate. But in practice, as the government describes law of the case, that would be in different situations. For example, if Ms. Onwa had actually raised the same argument, then maybe the Veterans Court use of law of the case as a shorthand to incorporate its analysis from earlier would have been essentially harmless because it would have already considered that argument. But that's not what happened here. Assuming they can apply law of the case, the second question of whether they did it properly, isn't that just applying the law to the facts and something that we don't have jurisdiction to review? I disagree. The second question is actually what is the proper test for law of the case for the Veterans Court to apply? And that is a question that you have jurisdiction over, whether the Veterans Court applied the correct test. And then here, that question resolves around is the correct test for law of the case in the Veterans Court context an argument-by-argument basis or an issue-by-issue basis? And what do you contend that it is outside the Veterans context? Excuse me? What do you think the test is outside of the Veterans context? If there's a tort case, for example, and there's a determination of liability on appeal and a remand for a new trial on damages, and in the interim the plaintiff thinks up different arguments as to why or the defendant thinks up different arguments as to why there is no liability, does the court have to consider those new arguments? There's some case law that suggests that outside of the Veterans Court context it is on an issue-by-issue basis. And so the challenger can't raise new challenges, new arguments to challenge the same issue. But that's not true. So what you're arguing is that basically that the Veterans context ought to be different and that it ought to be on an argument-by-argument basis rather than an issue-by-issue basis. That's correct. And the reason for that is Section 7261. And then, of course, the policy considerations underlying law of the case are different in the context of the Veterans Court than they are in other courts. I mean, 7261 is just a general jurisdiction granting provision, isn't it? It's a general jurisdiction grant, but it's actually a little unusual compared to other jurisdiction grants in that there are a number of these express exceptions that really cabin in the... Like what? For example, the requirement that the Veterans Court shall consider factual findings unless they are necessary to its jurisdiction, unless they are not necessary to the Veterans Court decision, excuse me, or unless they are not presented by the veteran. There's also the Veterans Court does not consider factual findings that are not adverse to the claimant. And so all of these express exceptions in the statute suggest that Congress actually intended to define the Veterans Court jurisdiction with more precision than in a normal case. Such that the Veterans Court... Is there anything in the legislative history to suggest that they're adopting a variant rule of law of the case, like the one you're suggesting? I think that the language of the statute is enough. You don't need to reach the legislative history here. But the language of the statute doesn't say anything about law of the case. I mean, isn't that a kind of background, very generally applicable legal principle that's applied to different courts and different tribunals across the federal system? Don't we assume that Congress is enacting legislation with that backdrop in place? I think you typically would, except in this case, the statute does include all these express exceptions that define the jurisdiction much more narrowly. How does that work in your favor? If we think that Congress is enacting different rules for the Veterans Court by enacting these exceptions, then don't you think that if they didn't want law of the case to apply, they would have put that one in too? Exactly, Your Honor. If they had wanted law of the case to apply, they could have included it expressly. No, if they didn't want it to apply. You said they put in a lot of explicit provisions that are different than general jurisdictional principles. So for the ones that they don't want to put in, don't we assume that Congress intended general principles to apply? I should be clear here. I mean, isn't that clear from the Supreme Court's decisions and Sanders' and I forget what the other one, where I think that this court initially adopted a different version of harmless air and then the Supreme Court reversed and said, no, the general APA principles or the general common law principles, not common law, the APA principles of harmless air should apply. I mean, shouldn't that analysis apply the same way here? I don't think it should. And the reason is because actually Congress adopted principles that are also common law principles. For example, this requirement that a finding be necessary to the court's decision or presented by the veteran, the requirement of the factual finding of this challenge be presented by the veteran suggests it includes waiver in its jurisdictional statute. And that's a little bit unusual. And that's why we think that these concepts, these common law concepts that aren't included should be, there should be the presumption that they do not apply in this context. If there are no questions, I'd like to reserve the rest of my time for rebuttal. Okay. Thank you. Mr. Green. Good morning. May it please the court. I'd like to first address the issue of the statute 7261, and then I'd like to spend a few moments, if I may, explaining to the court that the arguments to which Ms. Nugget contends the Veterans Court to properly apply the law of the case doctrine were actually raised and addressed by the Veterans Court in 2014. First, with respect to the statute, nothing on the face of the statute requires the Veterans Court to keep addressing an issue that it has resolved. Here are the issues. I think you can, let's put that aside. Let's assume that if it's the identical argument that it doesn't really make any sense to say that the Veterans Court can't use law of the case to prevent it from keeping, to revisit the same identical argument again and again. So let's put that aside. Okay. Sure. Her backup argument seems to be that if there is an identical issue but a different argument, that that shouldn't fall under the law of the case doctrine for purposes of the Veterans Court, which is an argument that does seem to make a difference in the sense that if you have a resolution of service connection and you're trying to come back and argue for a different treatment of that, that's not something that's been considered before. Well, if I may, Your Honor, I'll answer that question by going directly to the argument that the Veterans Court addressed in 2014. And to do that, I want to refer the Court to page 102 of the Joint Appendix if you have it handy, the last sentence of the last full paragraph. And there the Court said this, Moreover, the April 2010 and November 2011 examiners specifically mentioned that they reviewed the claims file, which contains all documents associated with a veteran's disability claim, and thus the review of the claims file would necessarily include a review of the evidence purportedly overlooked. What the Veterans Court here in 2014 is saying, consistent with what the examiners said in their opinions and consistent with what the Board of 2010 stated in its instructions for the remand, is that if a document or evidence was in the claims file, the examiner considered it. Yeah, but your problem with that is that we have cases saying that we're not supposed to apply a harmless error doctrine that requires us to examine the facts and make factual determination. And that seems to be what you're asking us to do. What about the more general principle, the question of whether she's correct that in the veteran's context, the law of the case doctrine ought to be a bit different and ought to be argument-specific rather than issue-specific? So two points on that, Your Honor. The court can find in a number of cases a recitation of the standard for law of the case that fits either side's argument. For example, in Augustine, this court said, that which has been decided and didn't narrow it down to issues or arguments. I think it's a case-specific analysis that the court needs to do. The second point, I would say, is, Your Honor, referred to a case by the Supreme Court. I would refer this court to the Forshee on Bonk opinion from 2002, in which the veteran urged this court to adopt a more lenient standard for waiver. And this court declined, stating that, in that respect, the veteran's court shouldn't be treated differently from any other court. And in rejecting that argument, or in making that determination, the court rejected the argument that the proclaimant nature of the VA administrative system compelled this more lenient standard. So to answer Your Honor's question, I would point the court to Forshee and also to the different ways that this court has stated this standard. And your point is it should be the same law of the case standard in the veteran's court as elsewhere. Yes, Your Honor. I've always understood issues to be broader than arguments, and I think Ms. Onwa's brief is a little confusing on that point because on one page she says something about referring to arguments, but then later says the same issue may encompass multiple arguments. And if she agrees that the standard applies to issues, then that would seem to cover all the arguments. So I would refer the court also to Ms. Onwa's brief on that matter. But the reason why I brought this— But there's plenty of law that says you don't apply law of the case if an issue wasn't actually presented and considered. That's correct, and that's why I was bringing to the court's attention this excerpt from the 2014 veteran's court decision because what the veteran's court says here is that if a document or a statement was in the claims file, the examiners reviewed it. Now I'm confused because I thought your position was that if the issue was decided, that you can't come up with a new argument to revisit the issue. The veteran's court's entitled to apply law of the case under those circumstances, and now you seem to be raffling about that. Let's suppose that there is an issue that was decided by the veteran's court but that there's a new argument the second time around. I know you don't think that's true here, but let's assume hypothetically that that is the case. Is that new argument barred by law of the case? We believe it is. And again here, and I apologize for the confusion, but here really the issue and the argument are the same. So Ms. Onwa. But I think the hypothetical suggests that there are different things. For instance, let's say you have a finding of no service connection, and the veteran's court affirms no service connection for a particular alleged disability, but remands on other issues. And on remand, the veteran makes, based on the existing record evidence, a different argument for service connection, pointing to different examination reports or the like that had never been urged before, never been considered by the board, never been considered by the veterans court. That seems to me somewhat different than what's going on here, but suppose that happens. Would that be barred by law of the case? It would, Your Honor. This court has considered a very similar situation in the Dukas now case that we cite in our brief. There the veterans court instructed that the veteran could receive only one rating under diagnostic code 5210. It said that the board, no matter what the veteran said on remand, that the board could only award, based on law of the case, the board could only award one disability rating under that diagnostic code. So I believe that question has been addressed by the board. Here, in this case, the argument and the issue really is this. That sounds different. That doesn't sound like a case in which there was no diagnostic rating the first time around, and then there's an argument the second time around that there's a new ground for giving a rating. In that case, if I remember correctly, the veteran was claiming that two planes of motion in her shoulder were impaired and was seeking two disability ratings under that same diagnostic code. Yeah, but that's a different question, whether you get two disability ratings or not. It doesn't seem to me to be a law of the case situation. The court in Dukas now, respectfully, Your Honor, instructed that the board had to follow the law of the case of the veterans court in that situation, and the veterans court said only one disability rating was available. But the law of the case doctrine is discretionary, right? Correct. So there's no obligation to follow the law of the case. That's absolutely right, Your Honor. Here, the issue and the argument, we're getting caught up in this language, but really the issue and the argument here is the same. In 2014, the veterans court addressed an argument by Ms. Conway that the examiners had failed to consider the evidence in the record that she believed supported finding her disability to be service-connected, specifically her own statement and the statement by her doctor from 2009. In 2016, the veterans court addressed the very same argument. Ms. Conway contended that the examiners had overlooked those same statements. She just cast the argument in a slightly different way, saying that whereas earlier she had said the examiners didn't recognize a disability at all, in the later argument she said the examiners didn't recognize, didn't see any evidence to support a finding that there was a service connection. But in 2014, the veterans court settled this issue by saying, look, if it's in the claims file, the examiners reviewed it. And so any evidence that you contend was overlooked was actually reviewed. But when you say they settled this question, that sentence in the 2014 was saying that if it was in the claims file and it related to whether there was a disability, we'll assume they looked at it. It never raised the question of service connection, right? Well, in Ms. Conway's brief that the veterans court was responding to, she did refer the court to her statements that a service connection existed for her injury, for her disability. And so in both appeals to the veterans court, she was pointing to the very same statements. And the veterans court in 2014 said, no, look, the examiners considered that evidence. And so we believe that the law of the case doctrine, the availability of the law of the case doctrine has already been settled in Augustine, Hudson, and Joyce. This court's already stated that the veterans court may rely on the doctrine. And if the court agrees with us at this point, we submit the only thing the court has left to do is dismiss this appeal for lack of jurisdiction because we are getting into the application of law of fact, which of course this court lacks jurisdiction to review. To the extent that the court considers the merits of the challenge to the veterans court's application of law of the case doctrine, the veterans court did not decline to consider any arguments in 2016. In 2014, it had already considered the argument that the examiner overlooked the evidence. Would there not be forward in 2014 the argument that her statements as an RN are materially different than just the statement of somebody else who's claiming an injury? That in other words, that there is a material difference in terms of the weight that should be given to her statements regarding the connection, the service connection? If I understand the question you're asking, in 2014 she argued whether her own statements should be given dispositively or more probatively. I believe so. I want to look to confirm. I didn't see anything in the 2014 decision that says it addressed that. Well, in her, actually I will refer the court to page 72 of the joint appendix under the heading nexus between the veterans, service, and disability. There is an entire paragraph where she describes the evidence that she believes establishes a service connection and included in that paragraph is her own statement of her disability being service connected. So that was certainly an issue that the veterans court in 2014 was aware of. But in fact, the veterans court in 2016 did not apply the law of the case doctrine to that argument if it was raised in 2014 because the veterans court's 2016 decision noted that Ms. Onwa was competent to provide that opinion. Okay. Anything further? The court has no further questions for me. Mr. Chairman, we would respectfully request for the reasons stated here today in our briefs that the court either dismiss this appeal or in the alternative affirm judgment in favor of the Secretary. Thank you. Your Honor, the government in its oral argument asks this court to make fact findings, fact findings it is not permitted to make under its jurisdiction. The veterans court never considered whether Ms. Onwa raised new arguments in her second appeal. You can see that on APPX3. All it considered was whether the issue had already been adjudicated. Based on that, the proper remedy here is remand. There is no need for this court to consider whether Ms. Onwa's 2014 argument versus her 2016 arguments were different, whether there were new factual findings by the board. That is a question for the veterans court to make. This sounds an awful lot like to me like you're quibbling with the veterans court's conclusion that it already addressed this same argument and it was bound by the law of the case. Whether it considers it sufficiently similar to be bound by the law of the case is factual, isn't it? And therefore it's outside of our jurisdiction. I don't agree. I think that our only argument, well obviously we disagree with their application of law of the case, but we're not asking this court to re-examine that. The way that they applied law of the case is very clear. They say the court agrees that the court previously adjudicated the adequacy of the examination and it will not entertain the appellant's attempts to re-litigate that issue. There are no analysis and no fact findings related to the specific arguments presented. But just what you read in your description of it sounds like application of law of the fact. I think there's a dispute here over the proper standard for law of the case, whether it applies to just issues or whether it applies to arguments. And they applied the law of the case as if it precluded an issue-by-issue basis, not an argument-by-argument basis, which under section 7261, and as I mentioned earlier, even the government's description of law in the case. So if we conclude that it applies to an issue-by-issue basis, then we should either dismiss or affirm? Yes, I think that probably the correct thing to do would be to affirm because there has been a challenge to the test. But that's correct. But assuming that you agree that law of the case is on an argument-by-argument basis, the proper decision is to remand so that the Veterans Court can determine whether Ms. Anwa raised a new argument in her second appeal. For this reason, we request that the court remand this case. Okay, thank you. Thank you all counsel. The case is submitted.